IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03119-MSK-MJW

EDWARD MOULTON,

Plaintiff(s),

v.

RAYMOND D. WEST and
WEST INTERNATIONAL, LLC,

Defendant(s).

---

**ORDER REGARDING
PLAINTIFF'S MOTION TO AMEND COMPLAINT
(DOCKET NO. 32)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This matter is before the court on Plaintiff's Motion to Amend Complaint (docket no. 32).  The court has reviewed the subject motion (docket no. 32) and the response (docket no 34) thereto.  In addition, the court has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires."  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility

of amendment." <u>Bylin v. Billings</u>, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting <u>Frank v.</u>

<u>U.S. West, Inc.</u>, 3 F.3d 1357, 1365 (10th Cir. 1993)).  Furthermore, Rule 15(d) provides:

> On motion and reasonable notice, the court may, on just terms, permit a
> party to serve a supplemental pleading setting out any transaction,
> occurrence, or event that happened after the date of the pleading to be
> supplemented.  The court may permit supplementation even though the
> original pleading is defective in stating a claim or defense.  The court may
> order that the opposing party plead to the supplemental pleading within a
> specified time.

Fed. R. Civ. P. 15(d).  Motions to supplement are addressed to the sound discretion of

the court.  <u>Gillihan v. Shillinger</u>, 872 F.2d 935, 941 (10th Cir. 1989).  "The court should

apply the same standard for exercising its discretion under Rule 15(d) as it does for

deciding a motion under Rule 15(a)."  <u>Southwest Nurseries, LLC v. Florists Mut. Ins.,</u>

<u>Inc.</u>, 266 F. Supp.2d 1253, 1256 (D. Colo. 2003).  A motion to amend or supplement a

complaint is futile if, notwithstanding the amendment, the complaint "would be subject to

dismissal."  <u>Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.</u>, 175

F.3d 848, 859 (10th Cir. 1999).

Here, I find that Plaintiff has met the requirements of Fed. R. Civ. Pl 15(a)(2) to

allow an amendment to his Complaint adding Bonnie West as a Defendant but has

failed to met his burden to allow a claim for punitive damages pursuant to § 13-21-

102(1.5)(a), C.R.S.  The motion (docket no. 32) does not establish *prima facie* proof of a

triable issue for punitive damages.  Plaintiff's motion (docket no. 32) is lacking any proof

and is completely devoid of any affidavits or documentary evidence to support a claim

for punitive damages.

## ORDER

Accordingly, based upon these findings of fact and conclusions of law, it is

3

hereby

ORDERED that Plaintiff's Motion to Amend Complaint (docket no. 32) is

GRANTED IN PART AND DENIED IN PART.  The motion (docket no. 32) is GRANTED

as to adding Bonnie West as a Defendant.  The remainder for the motion (docket no.

32) seeking a claim for punitive damages is DENIED.  Plaintiff shall file his Amended

Complaint with the court on or before June 26, 2012, and such Amended Complaint

shall exclude any claim for punitive damages.  Each party shall pay their own attorney

fees and costs for this motion.

Done this 12th day of June 2012.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE